**UNITED STATES ex rel. Charles SIMS, Petitioner-Appellant,**

**v.**

**J. E. LaVALLEE, as Warden of Clinton Prison, Dannemora, New York, Respondent-Appellee.**

**No. 119, Docket 33666.**

United States Court of Appeals Second Circuit.

Argued Oct. 6, 1969.

Decided Nov. 24, 1969.

As Modified on Denial of Rehearing Dec. 15, 1969.

G. Oliver Koppell, New York City, for petitioner-appellant.

Mortimer Sattler, Asst. Atty. Gen., Samuel A. Hirshowitz, First Asst. Atty. Gen., Louis J. Lefkowitz, Atty. Gen., for respondent-appellee.

Before WATERMAN, MOORE and KAUFMAN, Circuit Judges.

PER CURIAM.

In June 1958 appellant Sims was sentenced by the New York Supreme Court to three concurrent prison sentences after a jury trial in which he had been convicted of having committed the crimes of kidnapping, robbery in the first degree, sodomy in the first degree, and possession of a dangerous weapon. In this habeas proceeding he seeks to overturn the judgment of conviction on grounds that his confession to the crimes, secured the day of his arrest, was coerced by the police and was not voluntarily made.

Appellant was arrested in his own home at about 1:30 or 2:00 A.M. eight days after the crime occurred and, accompanied by his wife, was taken to the station house. There he admitted at once that he and the other defendants had taken the complainant to the apartment where the acts complained of allegedly took place. Some four hours after the arrest, at about 6:00 A.M., appellant accompanied the police to a restaurant where he pointed out two codefendants. Thereafter, until about 5:25 P.M. that day, appellant was questioned on a number of occasions. He was arraigned the following morning.

Pursuant to Jackson v. Denno, 378 U. S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964) Sims applied for and received in 1965 a hearing before the New York Supreme Court on the issue of whether his confession was voluntary. The court held that the confession was valid. The Appellate Division affirmed this finding, and leave to appeal to the Court of Appeals was denied. Following a hearing in this federal habeas corpus proceeding, the court below (Weinstein, J.), reached the same conclusion as the New York courts and did not sustain the writ.

On appeal Sims claims that numerous errors were committed below. He contends that Judge Weinstein did not make an independent evaluation of the voluntariness of his confession, but relied too heavily on the state courts' decisions; that the confession was coerced by a 30-odd hour delay in arraignment from the morning of his arrest until the following morning; by the failure of the police to warn him of his right to remain silent and his right to have counsel present; by the denial of food, sleep, and the use of the toilet during the entire period of questioning; and by unnecessary use of handcuffs during the questioning period; and, too, that his psychological makeup was such that his will could be easily overborne by the tactics just described.

■ We do not find these contentions persuasive. The record below indicates that Judge Weinstein considered the issue of voluntariness *de novo* and did not rely on the conclusions of the state courts. Inasmuch as Sims does not allege anything which would require a new factual hearing in the federal court under 28 U.S.C. § 2254(d) (Supp. IV. 1968), Judge Weinstein correctly declined to reexamine the subsidiary findings of fact upon which both he and the state courts reached identical decisions.

■ Therefore, we do not find Judge Weinstein's conclusion on the merits to be erroneous. The court below chose on the basis of conflicting testimony to

reject the assertions that appellant was denied food and use of the toilet during questioning and that his handcuffing from time to time amounted to harassment. We see no reason to dispute these conclusions. In this case, arising before Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), we do not find that the failure to give warnings of the right to remain silent and to have counsel present so biased the circumstances of Sims's confession as to render it involuntary. Finally, in light of the foregoing, any psychological inability to withstand coercion to confess on the part of appellant cannot be persuasive where there is no credible evidence of such coercion.

Affirmed.